**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2021

**BY ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Shamel Hardy*, 11 Cr. 536 (LAP)

Dear Judge Preska:

    The Government writes with respect to certain violation of supervised release specifications that technically remain pending against the defendant, Shamel Hardy, who was last before this Court in September 2017. For the reasons described below, the Government respectfully requests that the Court dismiss these pending specifications.

    On July 19, 2017, the U.S. Probation Office petitioned the Court for a warrant for the arrest of the defendant, who was serving a six-year term of supervised release, based on nine alleged violations (the "SDNY Specifications"). The Court issued a warrant the same day. On September 12, 2017, the defendant appeared before the Court and admitted to two of the SDNY Specifications, both of which involved his traveling out of the District without the approval of his probation officer. On the same day, the Court sentenced the defendant to eleven months' imprisonment and five years' post-release supervision for those violations. (ECF No. 250). The defendant's supervision was transferred to the District of South Carolina ("DSC") in June 2019 (ECF No. 254), where he is currently being supervised.

    On December 21, 2020, in DSC, the defendant admitted to four new violations of his supervised release (the "DSC Violations"), based on three state arrests in 2020, as well as a 2019 drug screening in which he tested positive for marijuana. The defendant ultimately was sentenced in DSC to time served and 30 months' supervised release. *See United States v. Hardy*, No. 19 Cr. 559 (RMG), ECF No. 36 (D.S.C. Dec. 21, 2020). The Government understands that, prior to the imposition of this sentence, the defendant resolved each of the state court charges underlying the DSC Violations.

    The defendant's DSC probation officer has informed the Government that a federal warrant remains outstanding against the defendant based on the seven SDNY Specifications to which the defendant did not admit in September 2017, which technically remain pending. The defendant's

October 13, 2021
Page 2

DSC probation officer has further informed the Government that this warrant cannot be vacated absent some confirmation from this Court that the seven pending SDNY Specifications should be dismissed.

Because the Government and defense contemplated that the defendant's allocution in September 2017 would resolve the SDNY Specifications (*see* Sept. 12, 2017 Tr. (ECF No. 251) at 7–8), the Government respectfully requests that the outstanding specifications against the defendant in this Court be dismissed. Defense counsel, Harvey Fishbein, concurs in this request. The probation officer in this District who was last responsible for supervising the defendant has left the Probation Office, and, because the defendant's supervision was transferred to DSC in June 2019, no new probation officer from this District has been assigned to the case.

SO ORDERED

*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

10/13/21

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Pat U. M*
Patrick R. Moroney
Assistant United States Attorney
(212) 637-2330

Cc:   Harvey Fishbein, Esq.